HENRY G. FREEMAN v. SAMUEL B. SUTTON.

THE holder of a negotiable promissory note to the order of the maker,
   and endorsed by him and sent to the holder to be negotiated by another
   for his benefit, cannot maintain an action upon it after its maturity
   against the maker, without proving that he either had negotiated it, or
   had himself advanced the money upon it to the maker.

ASSUMPSIT upon a Promissory Note, dated May 15th, 1863
for $400 at three months made by Samuel B. Sutton to his
own order, payable at the Newark Bank, and by him
endorsed, and also by Henry G. Freeman, the plaintiff.
The usual pleas, with want of consideration, were entered
in the case.    The parties were brothers-in-law, and had
been associated as a firm, in the mercantile business in St.
Georges ; but the plaintiff had withdrawn from it, and had
since been residing in Philadelphia.    The note was pro-
duced, proved and put in evidence on behalf of the
plaintiff, and a number of letters, which had been written
about that time by one to the other were also produced in
evidence by the counsel of the respective parties, from
which it appeared that the defendant, who was still in the
business in St. Georges, wished to negotiate a loan for that
amount, to meet a note in the Newark Bank, which would
mature about the first of June following, and had written
to the plaintiff on the subject, who replied on the 2d of
May that he knew a friend in the City, who would discount
his note about the first of June· for that amount at one
per cent., and wrote him again to the same effect on the
22d of May, but was not prepared himself to loan him the
money, although he was willing and anxious to assist him
in the matter in the best way he could.    On the 24th of
June, 1864, he wrote to him from Philadelphia, that in
making up his balances, he had found that he had paid a note
of his which he had just found, for which he had never
given him the money, and that he would oblige him by
looking over his accounts and sending him a check for the
same.    He would have written to him before, but had been
so busy he had neglected it.

*McCaulley, for the plaintiff.* As the case stood upon the facts proved, the plaintiff's right to recover was so apparent and conclusive, that he should not deem it necessary to say more until after he had heard what the defence would be.

*G. B. Rodney, for the defendant.* There was but one question of fact in the case to be ascertained by the jury, and that was, whether the note in question went into the hands of the plaintiff for the purpose of being discounted by another for the benefit of the defendant. For if so, the Court would instruct the jury that the plaintiff could not recover upon it, because if it was delivered to him for that purpose, it was in his hands as a bailee or agent of the defendant for such purpose merely, and he had no other property or interest in it, unless he had shown, but which he had not done, that he had himself advanced the money upon it to the defendant. For the note was manifestly upon its face, as well as from the evidence which the letters disclosed in regard to it, an accommodation note of the defendant, prepared for the purpose of negotiating a loan for his own accommodation, and for which there could be no consideration from the plaintiff, or any other holder, unless he had shown that he had advanced money upon it. On the proof, therefore, the plaintiff was not entitled to recover upon it. *Lloyd v. Howard,* 1 *E. L. & E. R.* 227. The delivery of a bill must be with the intention to pass property in it to the person to whom it is delivered. But in this case as the proof stood, the note was delivered to the plaintiff for a special purpose, and when that was the case he could not sue upon it. *Manhattan v. Reynolds,* 2 *Hill,* 140. *Wilson v. Holmes,* 5 *Mass.* 543.

*McCaulley, in reply.* The presumption of law is, that the holder of a negotiable promissory note is the rightful holder of it for value given, and to rebut that presumption, the maker must show the contrary by some evidence,

34

at least, particularly when it remains in the hands of the holder until long after its maturity, and has been delivered to the holder before maturity, for the purpose of getting it discounted, as in this case.   In such a case, was it not rather to be presumed that the holder either has advanced the money upon it at the time, or before its maturity, or that he had procured before its maturity the discount of it by another as requested, and endorsed it with his own name, as was done in this instance, and that he had since taken it up from such person for non payment ?   Such was the fair and reasonable, and also, the legal presumption which would arise in such a case, and without any proof on the part of the defendant to rebut it, the plaintiff was entitled to recover.

*The Court, Gilpin, C. J., charged the Jury.*   It was true, as a general principle, that the holder of a negotiable note is presumed in law to be the holder of it for value, and is entitled to sue and recover upon it, and if nothing further had appeared in the case, the plaintiff would have been entitled to their verdict.   But if the note in question, was drawn and made by the defendant to his own order, and was endorsed by him and delivered to the plaintiff for the purpose and with the understanding that the latter should get it negotiated or discounted for the benefit of the defendant merely, and that was not done, and that the plaintiff did not himself advance the money upon it to the defendant, the presumption of law just stated would not arise in the case, nor could he recover upon it, unless he had proved to the satisfaction of the jury, that he either got it negotiated by some other person for the defendant's benefit, or had himself advanced him the money upon it. The presumption suggested by the counsel for the plaintiff, that inasmuch as the note had continued in the hands of the plaintiff until long after its maturity, it was to be presumed that he either let the defendant have the money himself for it, or endorsed it and obtained the money for him from some other person on it, and after its maturity

had to take it up for non-payment, is liable to the objection of presuming not only too much, but involves the presumption itself into an alternative, and altogether into too much uncertainty, and, therefore, it cannot rebut or supersede the presumption we have before referred to, and which, so far as presumptions merely are concerned, must control the case. Besides, when a state of facts, or a condition of things is one established by the proof in a case, it is presumed to continue until the contrary is shown by other and further evidence. The several letters of the parties respectively, together with the note itself, were in evidence before the jury, and it would be for them to say whether it was drawn and delivered by the defendant to the plaintiff with the understanding merely, that the latter was to get it negotiated for the benefit of the former, if that was so, and it was not done by him, he could not recover without proving to their satisfaction, that he had himself let the defendant have the money upon it.